## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
MARIA V. CARMONA,                    )
                                     )
        Plaintiff                    )
                                     )
           v.                        )   Civil Action No. 05-2428(JGP)
                                     )
JOHN W. SNOW,                        )
   Secretary of the Treasury,        )
                                     )
        Defendant.                   )
_____     )
```

### DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Rule 7(h), defendant hereby submits the following statement of material facts as to which there is no genuine dispute.

1.   The position of Director of Audit Operations was advertised on October 13, 2002 with a closing date of September 13, 2002.  Ex. 1, Vacancy Announcement No. OA-2002-0010.

2.   The Director of Audit Operations position was one of the first announced through the Department of Treasury's new system called Quick Hire.  Ex. 2, Unsworn Declaration of Kimberly T. Mingo, at 2, April 9, 2003.

3.   Vacancy announcements continued to be published on OPM USAJOBS website after the implementation of Quick Hire. Id. at 3.

4.   With Quick Hire, applicants are scored based on their responses to questions, not on narrative responses to "Knowledge, Skills and Abilities" or KSA's as previously done. Id. at 2 and 4. Specifically, with Quick Hire, instead of obtaining applicant

experience information through narrative responses to KSA's, the information is obtained through a group of questions answered by "yes," "no," multiple choice, or limited summarization. Id. at 4.

5. Given that applications are rated mechanically, Quick Hire eliminates rating panels and is faster from a Human Resources perspective. Id. at 2 and 5.

6. Plaintiff had problems printing her application for the Director of Audit Operations position through Quick Hire. Id. at 4.

7. The personnel office subsequently printed a copy for plaintiff and then plaintiff complained about unusual characters that had printed on her resume. Id. Plaintiff and other applicants who had a similar experience with the printing of their applications and who had called the personnel office with their concerns were assured that this electronic glitch would have no impact on their application. Id. at 4 and 5.

8. Although plaintiff had characters on the printed copy of her application which she had not typed, this glitch had no effect on her overall rating. Id. at 5. Indeed, plaintiff was one of only two applicants to receive a perfect score for this announcement. Id.

9.   Marla A. Freedman, Assistant Inspector General for Audits, was the selecting position for Supervisory Auditor position.  Ex. 4, Unsworn Declaration of Marla A. Freedman, at 2, April 17, 2003.

10.  Mr. Freedman and Bob Taylor, a deputy in her office, conducted interviews together using a standard list of questions. Id.

11.  Inspector General senior officials, including Jeffrey Rush, the Inspector General, Ms. Freedman, and Dennis Schindel, Ms. Freedman's immediate supervisor, had a sense that their office would likely be impacted by a newly created Office of Inspector General at the Department of Homeland Security ("DHS"). Id. at 2.  They eventually decided to cancel the vacancy.  Id. They decided that, once they had a better sense of what would happen, they could re-announce the position if appropriate.  Id.

12.  As of April 13, 2003, the date on which Ms. Freedman provided her declaration for the administrative investigation into plaintiff's complaint, the position of Director of Audit Operations was being staffed by rotating grade 14's into the position on a monthly basis. Id. at 3.  Ms. Freedman asked plaintiff to rotate into the position but plaintiff refused. Id.

13.  Plaintiff filed an administrative complaint of discrimination on December 12, 2002.  Ex. 5, Pl.'s Compl. of Employment Discrimination with the Dept. of Treasury (filing date: December 27, 2002).

3

14.  On February 3, 2002, the Department of the Treasury
accepted the following claim for processing:

> Was [plaintiff] discriminated [against] based
> on sex (Female), national origin (Hispanic),
> age (DOB: 10/08/52) and retaliation for her
> EEO activity, when on September 13, 2002, her
> application for Vacancy Announcement
> OA-2002-0010 for the position of Director of
> Audit Operations, Supervisor Auditor,
> GS-511-15 was mishandled; and subsequently,
> the vacancy announcement was cancelled.

Ex. 6, Letter from Jerry Armstrong to J. Steven Elbell, Feb. 3,
2003.

15.  Ms. Jean Bauer, the EEO Investigator assigned to
plaintiff's complaint, first contacted J. Steven Elbell,
plaintiff's representative, on March 27, 2003 via telephone.
Ex. 7, Declaration of Jean R. Bauer, first page, Feb. 3, 2006.
She contacted Mr. Elbell twice on that date and left messages on
his recorder both times.  Id.

16.  On March 27, 2003, Mr. Elbell called Ms. Bauer and left
a telephone message in which he indicated that "(1) an
investigation should not go forward until the issues were agreed
to, (2) he didn't know which complaint [Ms. Bauer was
referencing], (3) the Director of the Complaint Center, Jerry
Armstrong, had actually made up an issue that [plaintiff] didn't
claim, (4) [Ms. Bauer] didn't need to call back, (5) they -
presumably plaintiff and Mr. Elbell - were not going to continue
with this, (6) [Ms. Bauer] could put whatever [she] wanted in
[her] report, (7) [Ms. Bauer] could tell Mr. Armstrong what they

4

- again presumably plaintiff and Mr. Elbell - said; (8) [Ms. Bauer] could tell Miss Coates of the Department of the Treasury that they didn't believe [Mr. Armstrong and Ms. Coates] had the integrity to be in the positions [they were] in, and (9) if [Ms. Bauer] called again, they would consider it a continuation of the hostile work environment that [plaintiff] was under."  Id.

17.  On April 1, 2003, Ms. Bauer forwarded a letter to Mr. Elbell expressing regret that plaintiff refused to meet with her to provide a statement in reference to the claims accepted for investigation and noting that plaintiff's representative affirmatively requested that Ms. Bauer not contact plaintiff as that would be considered "a continuation of a hostile work environment."  Ex. 8, Letter from Jean R. Bauer, EEO Investigator, to Steven Elbell, April 1, 2003.

18.  Ms. Bauer had no further contact with plaintiff or Mr. Elbell after sending the April 1, 2003 letter.  Ex. 7, Bauer Decl., second page.

Date: March 17, 2006            Respectfully Submitted,

                                /s/ Kenneth L. Wainstein /mj

                                _____
                                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                United States Attorney

/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/ Beverly M. Russell

Of Counsel:                    _____
Cynthia Langwiser, Esq.        BEVERLY M. RUSSELL, D.C. Bar #454257
U.S. Dept. of the Treasury     Assistant United States Attorney
                               U.S. Attorney's Office for the
                                 District of Columbia
                               555 4th Street, N.W., Rm. E-4915
                               Washington, D.C.  20530
                               Ph:  (202) 307-0492

6