UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328


V.                                  CIVIL ACTION NO. 05cv2428 (JGP)


John W. Snow
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC  20220

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff respectfully submits this opposition to Defendant's *Motion to Dismiss or*

*for Summary Judgment* [#6].  Plaintiff reminds the Court that she is proceeding *pro se*.

Plaintiff's *Opposition to Defendant's Motion to Dismiss or for Summary Judgment*

comprises this opening statement; responses to Defendant's *Memorandum of Points and*

*Authorities in Support of Defendant's Motion To Dismiss and for Summary Judgment* and to

Defendant's *Statement of Material Facts Not In Dispute;* Plaintiff's *Memorandum of Points*

*and Authorities* and Plaintiff's *Statement of Genuine Issues of Material Fact That Are In*

*Dispute;* and Plaintiff Exhibits 1-9.[1]

**RECEIVED**

JUN 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

[1] Plaintiff wishes to note that, despite presenting indisputable evidence of pretext and perjury in this case and in related cases 04cv0589 (JGP)[#16, particularly #16, P.Ex. D] and 05cv1194 (JGP)[#25], Plaintiff has not been able to obtain relevant and material evidence under control of Defendant through discovery in any of her four civil actions, because in 01cv0115 (CKK) discovery was not granted; in 04cv0589 (JGP) Defendant was nonresponsive and the Court denied Plaintiff's motion to compel; in related case 05cv1194 (JGP) Defendant was nonresponsive; and in the instant related case, Defendant filed a pre-discovery *Motion to Dismiss or for Summary Judgment* [#6].  In addition, Plaintiff notes that a trial has not been scheduled/commenced in any of Plaintiff's four civil actions.

Plaintiff asserts that indisputable evidence clearly shows Defendant has not made the requisite showing to entitle him to summary judgment; that direct evidence indisputably shows Defendant used pretext for his proffered reasoning for his adverse actions taken against Plaintiff; that direct evidence indisputably shows that Defendant has committed perjury in his representations before this Court; and that there are genuine issues of material fact that remain in dispute such that they can only be resolved by a jury. Plaintiff respectfully requests to be allowed the courtesy to file a response if there is any new material submitted by Defendant in his reply brief that the Court plans to consider in making a determination on whether to grant Defendant's *Motion.*

Plaintiff's separate filing on June 19, 2006, *Plaintiff Statement Regarding Defendant's False Statements and Perjury Before the Court* (P.Ex. 1)[2] provides indisputable direct evidence of pretext and perjury in the instant case by Defendant to such a degree and extent that the Court should find Defendant simply has no credibility for defending his *Motion* or his clear long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment as claimed by Plaintiff.

It is clear throughout his filings in all four of the civil actions that Plaintiff has been forced to file to date against Defendant[3] that Defendant has no merited credible evidence to submit in defense of his adverse actions taken against Plaintiff throughout her career.

---

[2] P.Ex. refers to Plaintiff Exhibit; D.Ex. refers to Defendant Exhibit. The *Plaintiff Statement* at P.Ex. 1 contains 18 sub-exhibits, labeled A through R.

[3] 01cv0115 (CKK), 04cv0589 (JGP), 05cv1194 (JGP), and 05cv2428 (JGP)

It is also Plaintiff's clear understanding from Defendant's filings in all four of her

civil actions filed to date that it is Defendant's sole position that Plaintiff's civil right to equal

employment opportunity is entirely dependent on what direct evidence has shown is a clearly

corrupt, biased, prejudiced, and hostile administrative EEO process. Plaintiff rejects

Defendant's position in its entirety, and has provided direct evidence in support of her claims

in these regards including, but not limited to, EEOC administrative judge Stephen Shih

finding that Hispanic is not a national origin in Plaintiff's initial formal administrative

EEO complaint filed in December 1995 in granting a clearly improper summary judgment

to Defendant in that case.

Plaintiff notes that Defendant has exhibited a clear pattern and practice of knowingly

being less than forthcoming, using pretext, and making false and perjurious statements before

the Court, as is clearly evidenced in all four of the civil actions that Plaintiff has been forced

to file to date against Defendant.

It is clear that Defendant filed his instant pre-discovery *Motion* believing that he could

get one or more[4] of Plaintiff's formal administrative EEO complaints dismissed without

providing material evidence under his control; i.e., absent discovery, and while, as

indisputable evidence clearly shows is a pattern and practice by Defendant in Plaintiff's

---

[4] Plaintiff notes, and is concerned, that in his motion Defendant refers to Plaintiff's previously filed case 01cv0115 (CKK), which represents three of Plaintiff's formal administrative EEO complaints; and to currently open related cases 04cv0589 (JGP), which represents four, and 05cv1194 (JGP) which represents five of the nineteen formal administrative EEO complaints that Plaintiff has been forced to file to date against Defendant, and all since December 1995.

administrative EEO complaints and in her civil actions, of misrepresenting:

> (1) the formal administrative EEO complaints as filed by Plaintiff;
>
> (2) all of the claims, issues, and matters that Plaintiff had raised in her formal
>
> administrative EEO complaints; and
>
> (3) all of the evidence Plaintiff had provided in her formal administrative EEO
>
> complaints.

And Defendant has knowingly done so while clearly violating Plaintiff's rights and the laws, rules, and regulations governing the administrative EEO process, and while using pretext and making false and misleading statements and committing perjury before the Court.

As material perspective for the Court's consideration in regards to the above, Plaintiff wishes to note that in her four civil actions filed to date against Defendant, in order of filing, 01cv0115 (CKK)[5] chronologically represents the eighth, ninth, and tenth; 04cv0589(JGP) chronologically represents the third, fourth, fifth, and sixth; 05cv1194 (JGP) chronologically represents the twelfth, thirteenth, fourteenth, fifteenth, and sixteenth; and, in the instant case, 05cv2428 (JGP) chronologically represents the seventeenth of the nineteen formal administrative EEO complaints that Plaintiff has been forced to file to date against Defendant, and all since December 1995.

Plaintiff provides the above perspective because it is important for the Court to note that Plaintiff has provided on the record indisputable direct evidence of Defendant using

---

[5] Defendant is attempting to use the decision in 01cv0115 (CKK) for support for his motion to dismiss in the instant case. Plaintiff asserts that she has provided sufficient evidence that 01cv0115 (CKK) should be reopened, the decision be reversed, and that the direct evidence Plaintiff provided in that case be made available to the jury.

pretext and making false and perjurious statements before the Court in regards to four of

Plaintiff's formal administrative EEO complaints that were filed prior to the three that are the

subjects in 01cv0115 (CKK), ref. 04cv0589 (JGP)[#16]; and that Defendant used pretext and

has made false and perjurious statements before the Court in regards to six of Plaintiff's

formal administrative EEO complaints that were filed after the three in 01cv0115 (CKK),

ref. 05cv1194 (JGP)[#25]; and in the instant case, 05cv2428 (JGP).

Plaintiff asserts, in regards to the above, that it is reasonable for a fair and objective

trier of fact to arrive at the conclusion that due to indisputable direct evidence of Defendant

using pretext and making false and perjurious statements before the Court in regards to four

formal administrative EEO complaints that were filed by Plaintiff prior to the three that are

the subjects in 01cv0115 (CKK) and due to indisputable direct evidence of Defendant using

pretext and making false and perjurious statements before the Court in regards to six of

Plaintiff's formal administrative EEO complaints that were filed after the three that are the

subjects in 01cv0115 (CKK) that Defendant used pretext and made false and perjurious

statements before the Court in regards to the three formal administrative EEO complaints that

are the subjects in 01cv0115 (CKK).

Although Defendant filed no declarations on his behalf in 01cv0115 (CKK) and was

granted summary judgment without discovery or a trial, it is Plaintiff's position that

Defendant's answer to her complaint and motion for summary judgment were in fact

statements made by Defendant, i.e., the Secretary of the Treasury, and that, as such, Plaintiff

asserts that Defendant knowingly used pretext and made false and perjurious statements

before the Court, as Plaintiff clearly pointed out in detail in her opposition to summary judgment in 01cv0115 (CKK)[#19].

In addition, it is clear that due to the indisputable long-term pattern and practice of unworthy behavior exhibited by Defendant and by officials at the EEOC in Plaintiff's administrative EEO cases, and by Defendant in Plaintiff's legal cases, it was futile and is futile for Plaintiff to engage the administrative EEO process.

Evidence clearly shows that the administrative EEO process has served no useful purpose for Plaintiff, in that evidence clearly shows conspiracy by officials at Treasury, at the EEOC, and by other officials of the United States government, to deny Plaintiff her civil right to equal employment opportunity. To date, no official of the United States government has taken any steps administratively or legally to stop Defendant's clear and indisputable long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment against Plaintiff, despite indisputable direct evidence that Defendant has committed such acts and that he has lied in Court about his motives.

In her complaint, Plaintiff claimed that defendant John W. Snow, Secretary of the Treasury, his staff, and his predecessors and their staffs, have committed, and are being allowed to commit, along with other officials of the United States government, a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq*., based on her national origin (Hispanic),

having been born in Havana, Cuba; sex (female); age (D.O.B. October 8, 1952); and in

reprisal for engaging in prior statutorily protected activity.  [1-9]

EEOC 29 C.F.R. 1614 provides, in part, that:

(a)     It is the policy of the Government of the United States to provide equal opportunity
        in employment for all persons, to prohibit discrimination in employment because
        of race, color, religion, sex, national origin, age or handicap and to promote the
        full realization of equal employment opportunity through a continuing affirmative
        program in each agency.

(b)     No person shall be subject to retaliation for opposing any practice made unlawful
        by title VII of the Civil Rights Act (title VII) (42 USC 2000e *et seq.*), the Age
        Discrimination in Employment Act (ADEA) (29 USC 621 *et seq.*), ...or for
        participating in any stage of administrative or judicial proceedings under those
        statutes.  [10-20]


        Plaintiff also claimed that officials of the United States government have exhibited

a long-term pattern and practice of conspiring to oppress, threaten, and intimidate her out of

her civil right to equal employment opportunity in violation of 18 U.S.C. § 241 (2002)

Conspiracy Against Rights, which states:

        If two or more persons conspire to injure, oppress, threaten, or intimidate any
        person in any State, Territory, or Commonwealth, Possession, or District in the
        free exercise or enjoyment of any right or privilege secured to him by the Constitution
        or laws of the United States, or because of his having so exercised the same....
        They shall be fined under this title or imprisoned not more than ten years, or both....
        [ 21-29]


In support of her claims and her rights thereto, Plaintiff respectfully refers the Court to the

Supreme Court of the United States holding in No. 00-1853, *Akos Swierkiewicz, Petitioner v.*

*Sorema N.A.*, [February 26, 2002] in which Justice Thomas delivered the opinion of the

Court, which states in pertinent part:

This case presents the question whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth by this Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). We hold that an employment discrimination complaint need not include such facts and instead must contain only "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Also, Justice Thomas went on to say in conclusion that:

For the foregoing reasons, we hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination and that petitioner's complaint is sufficient to survive respondent's motion to dismiss.

Plaintiff asserts that she met and in fact exceeded the above standard set by the Supreme

Court of the United States.

Also in support, Plaintiff cites Supreme Court of the United States No. 99-536 *Roger*

*Reeves, Petitioner v. Sanderson Plumbing Products, Inc.*, Pgs. 11-12:

In reaching this conclusion, however, we reasoned that it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation. Specifically, we stated:

"The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination." Id., at 511.

Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. See *id.,* at 517 ("[P]roving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination"). In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as

"affirmative evidence of guilt." *Wright* v. *West,* 505 U. S. 277, 296 (1992);
see also *Wilson* v. *United States,* 162 U. S. 613, 620-621 (1896); 2 J.
Wigmore, Evidence §278(2), p. 133 (J. Chadbourn rev. ed. 1979).

Moreover, once the employer's justification has been eliminated,
discrimination may well be the most likely alternative explanation,
especially since the employer is in the best position to put forth the actual
reason for its decision. Cf. *Furnco Constr. Corp.* v. *Waters,* 438 U. S. 567,
577 (1978) ("[W]hen all legitimate reasons for rejecting an applicant have
been eliminated as possible reasons for the employer's actions, it is more
likely than not the employer, who we generally assume acts with *some*
reason, based his decision on an impermissible consideration"). Thus, a
plaintiffs prima facie case, combined with sufficient evidence to find that
the employer's asserted justification is false, may permit the trier of fact to
conclude that the employer unlawfully discriminated.

---

It is clear from indisputable direct evidence that Defendant's asserted justifications for

his adverse actions taken against Plaintiff are false, not just in the instant case but as

has been found and would be found in all others of Plaintiff's cases, such that a trier

of fact can only conclude that Defendant has exhibited, as Plaintiff claimed, a long-

term pattern and practice of unlawfully discriminating against Plaintiff.

Defendant's *Motion* should be denied in its entirety and appropriate sanctions should be

placed on Defendant for his long-term pattern of discrimination, retaliation, disparate

treatment, and a hostile/harassing work environment; for his pattern and practice of perjury

before the Court; and for his lack of credibility in any matters regarding Plaintiff's nineteen

administrative EEO cases and four civil cases Plaintiff has been forced to file to date in

pursuit of her civil right to equal employment opportunity.

Plaintiff claimed a long-term pattern of discrimination, retaliation, disparate

treatment, and a hostile/harassing work environment due to Plaintiff's Hispanic national

origin, sex, age, and in retaliation for Plaintiff engaging in protected activity. Indisputable direct evidence has proven this to be true.

In conclusion, Plaintiff asserts that genuine issues of material fact remain in dispute; and that based on the overwhelming preponderance of misleading, false, and perjurious statements Defendant has knowingly made before the Court, Defendant was not entitled, and is not entitled, to summary judgment in this or any other of Plaintiff's cases, to include the summary judgment granted in 01cv0115 (CKK). The evidence is simply overwhelming and indisputable in support of Plaintiff in these regards.

A Proposed Order consistent with Plaintiff's position and a Certificate of Service are also attached hereto.

Respectfully Submitted,

Maria V Carmona

Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland 20723
(301) 490-4328

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

V.                                    CIVIL ACTION NO. 05cv2428 (JGP)

John W. Snow
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC  20220

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

In responding to Defendant's *Memorandum of Points and Authorities* in support of Plaintiff's

instant opposition to Defendant's *Motion to Dismiss or for Summary Judgment (Motion)* [#6],

Plaintiff looks to the record, to regulations contained at 29 C.F.R. 1614; policies, procedures, and

guidance contained in the U.S. Equal Employment Opportunity Commission Management

Directive MD-110 (EEOC MD-110); previous EEOC decisions; holdings by the Supreme Court

of the United States;[1] and the perjury committed by Defendant in this Court.

---

[1] Plaintiff refers the Court to Supreme Court of the United States holdings in *Roger Reeves, Petitioner v. Sanderson Plumbing Products, Inc.,* No. 99-536, and in *Akos Swierkiewicz, Petitioner v. Sorema N.A.,* No. 00-1853. Both of these cases provide support for the Court finding in favor of Plaintiff's overarching claim that a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment has been committed and that, therefore, Plaintiff is entitled to damages. References to Supreme Court decisions also include all of the cases that are cited therein.

First, however, Plaintiff wishes to draw the Court's attention to Plaintiff's separate filing on June 19, 2006, *Plaintiff Statement Regarding Defendant's False Statements and Perjury Before the Court* (P.Ex 1),[2] which provides indisputable direct evidence of pretext and perjury in the instant case by Defendant to such a degree and extent that the Court should find Defendant simply has no credibility in defending his *Motion*, his *Memorandum of Points and Authorities* in support of his *Motion*, or his clear long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment as claimed by Plaintiff.

In addition, Plaintiff wishes to clarify several material facts in the case. Plaintiff filed the formal administrative Equal Employment Opportunity (EEO) complaint that is the subject of the instant civil action on December 27, 2002 (P.Ex. 2). This formal administrative EEO complaint, designated TD-03-2185, chronologically constitutes the seventeenth of the nineteen formal EEO complaints that Plaintiff has been forced to file to date against Defendant and all since December 1995.

Defendant, in addition to his perjury as documented in the June 19, 2006, *Plaintiff Statement* (P.Ex. 1), continues his pattern and practice of making false declarations before this Court when he misrepresents the nature of Plaintiff's EEO filings throughout his instant *Motion*.

Below is a list of the items that Plaintiff included in her complaint as filed with Defendant (P.Ex. 2), annotated as to which portions Defendant misrepresented as Plaintiff's *administrative*

---

[2] P.Ex. refers to Plaintiff Exhibit; D.Ex. refers to Defendant Exhibit. The *Plaintiff Statement* at P.Ex. 1 contains 18 sub-exhibits, labeled A through R.

*complaint of discrimination* before the Court. [#6, D.Ex. 5]  Plaintiff believes this was done with

Defendant's willful intent to misrepresent to and deceive the Court, and in essence constitutes

false statements by Defendant before the Court.  By his action, Defendant is avoiding submission

to the Court of the detailed evidence of Plaintiff's claims provided to Defendant by Plaintiff

when Plaintiff filed her seventeenth formal administrative EEO complaint on December 27,

2002.  Defendant is falsely representing Plaintiff's exhibits as if they are his own, and is

providing very little, if any, documentary evidence of his own.

- Letter to Paul H. O'Neill, Secretary of the Treasury, from Maria V. Carmona, Complainant (15 pages) – **Defendant Provided**

- Three EEO forms (4 pages) – **Defendant Provided**[3]

- A list of Exhibits  (2 pages) – **Defendant Did Not Provide**

- Exhibits A through J (60 pages) – **Defendant Provided as Defendant's Exhibits Only Parts of Two of Plaintiff's Exhibits and One in Its Entirety, as follows**

| Exhibits in Plaintiff's EEO Complaint as filed | Pages Submitted in Court by Defendant | Defendant Submitted in Court As |
|---|---|---|
| A 1-3 | None | |
| B 1-3 | None | |
| C 1-2 | None | |
| D 1 | None | |
| E 1-2 | None | |
| F 1-6 | All | Part of D.Ex. 1 |
| G 1-4 | G 1-2 | Part of D.Ex. 1 |
| H 1-2 | None | |
| I 1-36 | I 4-26, I 28-36 | D.Ex. 3 |
| J 1 | None | |

---

[3] Defendant provided his copy of Form No. TDF 62-03.5, out of sequence within the complaint documents.

3

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM
## OF POINTS AND AUTHORITIES (MPA) BY SECTION

### I. BACKGROUND

In general, Plaintiff's separate filing on June 19, 2006, *Plaintiff Statement Regarding Defendant's False Statements and Perjury Before the Court* (P.Ex 1), addresses this section, as discussed in further detail below. As mentioned, the *Plaintiff Statement* provides indisputable direct evidence of pretext and perjury in the instant case by Defendant to such a degree and extent that the Court should find Defendant simply has no credibility in defending his *Motion*, his *Memorandum of Points and Authorities* in support of his *Motion*, or his clear long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment as claimed by Plaintiff.

Plaintiff notes that Defendant mischaracterizes Plaintiff's claims, issues, and matters in his filings, a consistent pattern and practice exhibited by Defendant throughout Plaintiff's administrative EEO complaints. Plaintiff's civil complaint and the subject formal administrative EEO complaint (P.Ex. 2) provide the best direct evidence of the claims, issues, and matters raised by Plaintiff.

## A. The Vacancy Announcement

### 1. Advertising through Quick Hire

- Defendant states that *The position of Director of Audit Operations was advertised on October 13, 2002.*

**Plaintiff disputes.** This is a false statement with reference to a material fact. The opening date for Vacancy Announcement OA-2002-0010 was August 13, 2002. (D.Ex. 1)

- Defendant states that *The position was one of the first announced through the Department of (sic) Treasury's new system called Quick Hire (sic).[4]*

**Plaintiff disputes.** It is false to state with reference to this material fact that QuickHire is a Treasury system, and the source cited by Defendant does not support this. Also, Plaintiff questions the lack of specificity of this statement, i.e., *one of the first announced*, because Defendant knows whether this was the first, second, third, (or other) position to be announced through this system. See also discussion below, under *D.Ex. 2., Declaration of Kimberly T. Mingo*.

- Defendant states that *Prior to Treasury's use of Quick Hire, the agency posted vacancy announcements through OPM...* and *That did not change with the Quick Hire system.*

**Plaintiff disputes.** Lacks specificity. Defendant has not provided the date when Treasury OIG began using the OPM USAJOBS website or any supporting documentary evidence in support of this material fact.

---

[4] Plaintiff will use the name QuickHire, as shown in documents printed from this system. [#6, D.Ex. 3]

- Defendant states that *With Quick Hire, applicants are scored based on their responses to questions…*, and that *Given that applications are rated mechanically, Quick Hire eliminates rating panels and is faster from a Human Resources perspective.*

**Plaintiff disputes.**  Lacks specificity.  Defendant provided no documentary evidence in support of these material facts:  (a) how applicants are scored and (b) how applications are rated under QuickHire.  Defendant's cited source states *I will provide documentation…*, [#6, D.Ex.2, Pg.7] but none was provided by Defendant in his instant *Motion*.  In addition, Defendant has not provided support for his statement that *Quick Hire… is faster from a Human Resources perspective.*  Plaintiff challenges this, given the Human Resources time that would have been required to obtain training, fill in the information on the system, address problems with applications, and process resultant EEO complaint(s). [#6, D.Ex. 2]

———————

In addition, the June 19, 2006, *Plaintiff Statement* provides indisputable evidence of pretext and perjury by Defendant with reference to the following statements in this section, shown in *italics*.

- *With Quick Hire, however, the Agency was no longer able to forward copies of announcements to public folders or print copies to the carousel.*

**Plaintiff disputes.**  See P.Ex. 1, Lines 379-395.

6

- *...the "most common place for employees to find vacancy announcements [was, in fact] through the OPM USAJOBS website..." That did not change with the Quick Hire system.*

**Plaintiff disputes.** See P.Ex. 1, Lines 396-415.

- *...with Quick Hire, instead of obtaining applicant experience information through narrative responses to KSA's, the information is obtained through a group of questions answered by "yes," "no," multiple choice, or limited summarization.*

**Plaintiff disputes.** See P.Ex. 1, Lines 437-438, 460-474. Also see discussion under *With Quick Hire, we really don't have KSA's*, P.Ex. 1, Lines 444-459.

- *Plaintiff apparently had problems printing her application through Quick Hire.*

**Plaintiff disputes.** See P.Ex. 1, Lines 416-436.

- *The personnel office subsequently printed a copy for plaintiff and then plaintiff complained about unusual characters that had printed on her resume.*

**Plaintiff disputes.** See P.Ex. 1, Lines 416-436. Also, Plaintiff finds that the cited reference provides no support for *personnel office.*

- *The personnel office was aware that the Quick Hire process printed unusual characters.... Plaintiff and other applicants who had a similar experience with the printing of their applications and who had called the personnel office with their concerns were assured that this electronic glitch would have no impact on their application.*

7

**Plaintiff disputes.** See P.Ex. 1, Lines 518-531. Plaintiff finds that the cited references provide no support for *personnel office* or for *electronic glitch.* Plaintiff asserts, however, that *electronic glitch* is simply pretext for purposeful actions taken by Treasury officials against Plaintiff.

Plaintiff also notes that from this statement one can conclude that not all applicants had problems with their applications, which would support Plaintiff's claim that the differences in the process that was followed for this position were structured by OIG management/staff to limit competition and to achieve a desired discriminatory and retaliatory result. (P.Ex. I, Pg. 5)

As is noted at P.Ex. 1, Lines 416-436 and 518-531, the manner in which Plaintiff's application was misrepresented, including partial and unedited narrative responses (and not just unusual characters, as stated by Defendant) that were not at all what Plaintiff submitted constituted a much more serious problem than may have been experienced by others and cannot be characterized as a mere *electronic glitch.* For example, one question contained only one paragraph of a detailed response that Plaintiff had entered. These misrepresentations would have had an effect on how Plaintiff's application was viewed by OIG management, as discussed at P.Ex. 1, Lines 282-306, and affect Plaintiff's opportunities for advancement within the Treasury OIG.

The only conclusion the Court can reach is that the omission or misrepresentation of significant portions of Plaintiff's application was an issue unique to Plaintiff. Exactly what happened with Plaintiff's application, and why, are material facts in the case and are in dispute.

8

In addition, Plaintiff notes that Defendant's statement that *In fact, plaintiff was one of only two applicants to receive a perfect score* provides direct evidence of just how well-qualified Plaintiff was for the position. Plaintiff questions the true reason why the position was cancelled. This is a material fact that is in dispute.

Plaintiff notes that this section includes a number of statements that directly support Plaintiff's statements made in her formal administrative EEO complaint.

Finally, Plaintiff has expressed her opinion/concerns on Defendant's position regarding the QuickHire system in the June 19, 2006, *Plaintiff Statement Regarding Defendant's False Statements and Perjury Before the Court* (P.Ex 1).

**2. Cancellation of the Position**

Treasury OIG management and staff whom Plaintiff contacted regarding the status of the vacancy failed to provide Plaintiff with the official date for what OIG management claims was the cancellation of this position. (P.Ex. 1, Sub-Ex. Q) This is a material fact that is in dispute.

- Defendant states that *Marla A. Freedman, Assistant Inspector General for Audits, was the selecting official for the Supervisory Auditor position.*

**Plaintiff disputes.** Lacks specificity. Defendant has not provided any supporting documentary evidence addressing this material fact.

- Defendant states with reference to Marla A. Freedman that *She and Bob Taylor, a deputy in her office, conducted interviews together using a standard list of questions.*

9

**Plaintiff disputes.** Lacks specificity. Defendant has not provided any supporting documentary evidence addressing this material fact.

- Defendant states that *Plaintiff was not a top choice based on her interview.*

**Plaintiff disputes.** See P.Ex. 1, Lines 207-224 for evidence of the pretextual nature of this statement. In addition, lacks specificity. Defendant has not provided any supporting documentary evidence addressing this material fact.

- Defendant states that *Ms. Freedman recommended another individual for the position.*

**Plaintiff disputes.** Lacks specificity. Defendant has not provided any documentary evidence in support of this statement.

- Defendant states that *…Inspector General senior officials, including Jeffrey Rush, the Inspector General, Ms. Freedman, and Dennis Schindel, Ms. Freedman's immediate supervisor, had a sense that their office would likely be impacted by a newly created Office of Inspector General at the Department of Homeland Security. … Accordingly, Mr. Rush, Ms. Freedman and Mr. Schindel discussed whether a GS-15 to carry out operations would be needed if the new department were established. They eventually decided to cancel the vacancy. They decided that, once they had a better sense of what would happen, they could re-announce the position if appropriate.*

**Plaintiff disputes.** Lacks specificity. Defendant has not provided statements from Rush or Schindel. In addition, although Plaintiff requested it, the official date of cancellation of the

10

position has not been provided. Also, the record does not contain documentary evidence of cancellation.

- Defendant states that *Ms. Freedman notes that now that officials know the ramifications of the creation of the new cabinet-level department and the divestiture of certain office functions due to the creation of DHS, the decision to cancel the vacancy was, in retrospect, appropriate and reasonable.*

**Plaintiff disputes.** The reference cited by Defendant does not contain this language.

- Defendant states that *Her office has gone from 165 positions to 52 positions.*

**Plaintiff disputes.** Lacks specificity. Defendant has not provided any documentary evidence in support of this data.

- Defendant states that *As of April 13, 2003, the date on which Ms. Freedman provided her declaration ....*

**Plaintiff disputes.** The record in this civil action does not contain a declaration from Ms. Freedman dated April 13, 2003.

———————————

Plaintiff's June 19, 2006, *Statement* provides indisputable evidence of pretext and perjury by Defendant with reference to statements in this section, shown in *italics*, as follows.

- *Ms. Freedman also stated that the audit operation work was somewhat different from auditing, and other candidates had more focused operational experience.*

**Plaintiff disputes.** See P.Ex. 1, Lines 201-224. Lacks specificity. Plaintiff also disputes Defendant's statement because it is not supported by the cited source.

- *The position of Director of Audit Operations was being staffed by rotating grade 14's into the position on a monthly basis. Ms. Freedman asked plaintiff to rotate into the position but plaintiff refused.*

**Plaintiff disputes.** See P.Ex. 1, Lines 201-203 and 225-236.

## B. Plaintiff's Administrative Complaint

Defendant states that *Plaintiff filed an administrative complaint of discrimination on December 12, 2002.*

**Plaintiff disputes.** This is a false statement. Plaintiff did not file a formal administrative EEO complaint on *December 12, 2002.* (P.Ex. 2)

In addition, Plaintiff notes that Defendant provided in his *Motion* a declaration by Jean R. Bauer, who identified herself as an EEO Investigator with the Treasury Complaint Mega Center. It is an indisputable material fact that Treasury officials attempted to initiate and coerce plaintiff into engaging in an investigation in violation of Plaintiff's rights and the regulations. Section 1614.108(b), of Title 29 C.F.R., requires that *the agency shall develop an impartial and appropriate factual record upon which to make findings <u>on the claims raised by the written complaint</u>. An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred.* It is a material fact that Defendant failed to comply with this regulation. Thus, Bauer's declaration and all references to it made by

12

Defendant are immaterial to Plaintiff's case, with the exception that it further directly evidences

the overtly retaliatory and hostile work environment that Defendant has forced Plaintiff to work

under since first initiating the administrative EEO process in 1995. This, too, is a violation of

Plaintiff's rights.

EEOC 29 C.F.R. 1614 provides, in part, that:

   (a)  It is the policy of the Government of the United States to provide equal opportunity
in employment for all persons, to prohibit discrimination in employment because of race,
color, religion, sex, national origin, age or handicap and to promote the full realization of
equal employment opportunity through a continuing affirmative program in each agency.

   (b)  No person shall be subject to retaliation for opposing any practice made unlawful
by title VII of the Civil Rights Act (title VII) (42 USC 2000e *et seq.*), the Age
Discrimination in Employment Act (ADEA) (29 USC 621 *et seq.*), ...or for participating
in any stage of administrative or judicial proceedings under those statutes. [10-20]

Plaintiff asserts that Defendant's disputation, if made, of Plaintiff's position in these regards,

i.e., that Bauer's declaration is immaterial, and/or that Plaintiff is not obligated to engage in an

investigation when Defendant is in clear violation of the regulations, would be a disputation(s) of

a genuine issue of material fact(s), such that summary judgment cannot be awarded, and that it

would be up to a jury to resolve this issue.

———————————

    Plaintiff provides the following comments to the other exhibits included as part of

Defendant's *Motion to Dismiss or for Summary Judgment* [#6 ].

13

<u>D.Ex. 1.</u>    **Vacancy Announcement OA-2002-0010 and E-Mail re: Vacancy Announcements**

Plaintiff notes that these documents were not generated by Defendant and that they are in fact

copies of Exhibits F and G (partial) that Plaintiff submitted as part of her seventeenth formal

administrative EEO complaint (P.Ex. 2).

<u>D.Ex. 2.</u>    **Declaration of Kimberly T. Mingo**

In addition to Mingo's false statements and perjury as documented by Plaintiff in her

separate June 19, 2006, *Plaintiff Statement* (P.Ex. 1), and to other points regarding Mingo's

*Declaration* raised above, Plaintiff challenges the following statements for the reasons stated.

- *This position was one of the first few positions announced under the new system.*

  [#6, D.Ex. 2, Pg. 2]

**Plaintiff disputes.**  The lack of specificity of this and other statements in Mingo's *Declaration*

is evidence of pretext on the part of Defendant.  As the Human Resources Specialist, Mingo has

direct knowledge of whether any positions prior to this one were announced under the new

system.

- *... I went through the applications...and determined the best-qualified list (BQL). ...*

  *There is no real method to it.* [#6, D.Ex. 2, Pg. 2]

**Plaintiff disputes.**  That there is *no real method* to determining a best-qualified list lacks

specificity and objectivity under the Merit System Principles, is evidence of pretext on the part of

Defendant, and is particularly troubling, because it clearly leaves open the possibility for

violation of the Merit System Principles, including the principle that management should recruit,

14

select, and advance employees based on merit after fair and open competition. Plaintiff wishes

to call Mingo before a jury to ask for clarification, including whether she has ever been asked by

any Treasury OIG manager to provide a list with additional, or fewer, names than were on the

initial BQL she prepared, or in any other manner manipulate applications, as Plaintiff believes

has been the case.

- *... I believe there were two promotion certificates issued, one was competitive and one*
  *was non-competitive for people who had held a grade 15.* [#6, D.Ex. 2, Pgs. 2-3]

**Plaintiff disputes.** The lack of specificity and certainty is evidence of pretext. As the HR

Specialist who handled the announcement for the position of Director of Audit Operations

[*id.*, Pg. 2], Mingo has direct knowledge of the number of promotion certificates issued. This is

a material fact in Plaintiff's civil case.

- *I believe Adam Silverman, Assistant Inspector General (AIG) for Management, put out an*
  *email in September 2002 and it went to the AIG's for Audit, Investigations, and Counsel,*
  *and the Deputy AIG's for Audit, Investigations, Counsel and Management.*
  [#6, D.Ex. 2, Pg. 3]

**Plaintiff disputes.** The lack of specificity and certainty is evidence of pretext from an HR

Specialist who handled the announcements for the positions. Furthermore, if this statement is in

fact true, it means that there was no notification to the Treasury OIG staff in general, including

Plaintiff. Instead, the executive who made the decision, Adam Silverman, [*id.*] notified only the

other executives within the organization. This also evidences pretext, and lends support to

15

Plaintiff's claims that there was no fair and equitable advance notification that the OIG

was revising the manner in which it announced positions, accepted applications, and evaluated

applications to determine the Best Qualified List; and that no new policies or procedures were

issued about applying for OIG vacancies prior to the OPM USAJOBS posting of the instant

vacancy announcement. (P.Ex. I, Pg. 5)

- *In fact, ...just about everything was cancelled.* [#6, D.Ex. 2, Pg. 5]

**Plaintiff disputes.** The lack of specificity and certainty is evidence of pretext. As the HR

Specialist, Mingo has direct knowledge of the positions that were cancelled and those that were

filled, and of the relevant EEO statistics of those selected. These facts are material to Plaintiff's

civil case.

<u>D.Ex. 3</u>.    **QuickHire Applicant Assessment**

Plaintiff notes that this document is a copy of Exhibit I (partial) that Plaintiff submitted as

part of her seventeenth formal administrative EEO complaint (P.Ex. 2).

<u>D.Ex. 5</u>.    **Formal Administrative EEO Complaint Filed on December 27, 2002**

Plaintiff notes that this document is an incomplete and out-of-sequence copy of Plaintiff's

seventeenth formal administrative EEO complaint as filed. (P.Ex. 2).

<u>D.Ex. 6</u>.    **Letter from Jerry Armstrong, Director, Treasury Complaint Center**

Plaintiff disputes because she is not aware of a February 3, 2002, letter from Armstrong.

<u>D.Ex. 7</u>.    **Declaration of Jean R. Bauer**

See above. Plaintiff asserts that this exhibit is not material to this civil case.

16

D.Ex. 8.    **Letter from Treasury Complaint Center (Investigation Plans), Apr. 1, 2003**

Plaintiff refers the Court to the discussion under D.Ex. 7 above with reference to this letter

from Jean R. Bauer.

D.Ex. 9.    **Memorandum Opinion on 01cv0115 (CKK), filed January 22, 2002**

Plaintiff stands by her *Opposition to Summary Judgment* [#19]; her appeal [#26]

United States Court of Appeals Number 02-5088; and her Petition for Certiorari before the

Supreme Court of the United States, No. 02-998.  Summary judgment was granted to Defendant

in 01cv0115 (CKK) without discovery, without a trial, and with Judge Kollar-Kotelly's apparent

disregard of material evidence and  Plaintiff's rights during the administrative EEO process.[5]

Also, Plaintiff wishes to note that this decision was not based on the merits of Plaintiff's claims.

As Judge Kollar-Kotelly clearly states in her decision, *To date, no agency or court has*

*specifically addressed the merits of plaintiff's grievances.*  (D.Ex. 9, Pg. 13).  Plaintiff has

requested that this case be reopened.  Plaintiff asserts that the type and extent of pretext and

perjury committed by the Defendant in Plaintiff's four civil cases, and the circumstances

surrounding this pretext and perjury which is based on indisputable evidence Plaintiff has placed

on the record, to include the overwhelming number of misstatements of material fact Defendant

committed in 01cv0115 (CKK) should lead a reasonable, objective, and fair factfinder to

question the credibility of the Defendant in all defenses proffered by Defendant in all of

---

[5] Plaintiff believes that review by a fair, objective, and reasonable person would find that Plaintiff complied with the regulations and acted in accordance with previous commission (EEOC) decisions in cases similar to Plaintiff's.

Plaintiff's cases such that 01cv0115 (CKK) should be reopened so that a fair, objective, and reasonable review may be conducted.

---

In further regards to the above evidence of Defendant's false statements and perjury, Plaintiff cites Supreme Court of the United States, No. 99-536, *Roger Reeves, Petitioner v. Sanderson Plumbing Products, Inc.,* Pgs. 11-12

> In reaching this conclusion, however, we reasoned that it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation. Specifically, we stated:

> > "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination." Id., at 511.

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. See *id.,* at 517 ("[P]roving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination"). In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." *Wright* v. *West,* 505 U. S. 277, 296 (1992); see also *Wilson* v. *United States,* 162 U. S. 613, 620-621 (1896); 2 J. Wigmore, Evidence §278(2), p. 133 (J. Chadbourn rev. ed. 1979). Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its

18

decision. Cf. *Furnco Constr. Corp.* v. *Waters,* 438 U. S. 567, 577 (1978) ("[W]hen all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with *some* reason, based his decision on an impermissible consideration"). Thus, a plaintiffs prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

Plaintiff asserts that the last three lines particularly of the above decision by the Supreme Court of the United states applies to Plaintiff's case based on her separate filing on June 19, 2006, *Plaintiff Statement Regarding Defendant's False Statements and Perjury Before the Court* (P.Ex 1)

------

## II. STANDARD OF REVIEW

### A. Dismissal for Lack of Subject Matter Jurisdiction (Fed.R.Civ.P. 12(b)(1))

With regards to Defendant's statement, Plaintiff respectfully asserts that the Court has jurisdiction, in that it has the authority to refer criminal activity, which Defendant and other officials of the United States government have committed in Plaintiff's case, i.e., perjury and conspiracy. Plaintiff refers the Court to *Plaintiff's Memorandum of Points and Authorities* for further discussion of FRCP 12(b)(1).

### B. Motion for Failure to State a Claim (Fed.R.Civ.P. 12(b)(6))

With regards to Defendant's statement, Plaintiff respectfully asserts that she has properly provided material facts in support of all of her claims in her formal administrative EEO

complaint.  Plaintiff refers the Court to *Plaintiff's Memorandum of Points and Authorities* for

further discussion of FRCP 12(b)(6).

## C. Summary Judgment (Fed.R.Civ.P. 56)

With regards to Defendant's statement, Plaintiff respectfully refers the court to the following

holding by the Supreme Court of the United States, No. 00-1853 *Akos Swierkiewicz, Petitioner v.*

*Sorema N.A.*, as was cited a the beginning of this opposition, and to No. 99-536, *Roger Reeves,*

*Petitioner v. Sanderson Plumbing Products, Inc.*, [June 12, 2000] in which Justice O'Connor

delivered the opinion of the Court.

> In the analogous context of summary judgment under Rule 56, we have stated that the court must review the record "taken as a whole." *Matsushita Elec. Industrial Co.* v. *Zenith Radio Corp.*, 475 U. S. 574, 587 (1986). And the standard for granting summary judgment "mirrors" the standard for judgment as a matter of law, such that "the inquiry under each is the same." *Anderson* v. *Liberty Lobby, Inc.*, 477 U. S. 242, 250-251 (1986); see also *Celotex Corp.* v. *Catrett*, 477 U. S. 317, 323 (1986). It therefore follows that, in entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record.  In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Lytle* v. *Household Mfg., Inc.*, 494 U. S. 545, 554-555 (1990); *Liberty Lobby, Inc., supra,* at 254; *Continental Ore Co.* v. *Union Carbide & Carbon Corp.*, 370 U. S. 690, 696, n. 6 (1962). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Liberty Lobby, supra,* at 255. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. See Wright & Miller 299.

Plaintiff refers the Court to *Plaintiff's Memorandum of Points and Authorities* for further

discussion of FRCP 56.

Plaintiff respectfully submits that, based on the nature and extent of Defendant's pretext and perjury in this case, there is very little from Defendant that this Court or a jury should believe; that, therefore, Defendant is not entitled to summary judgment; and that Plaintiff is entitled to all damages requested.

## III.   DISPOSITION UNDER TITLE VII AND THE ADEA

### A.   Discrimination Claims

In response, Plaintiff states that in her civil complaint Plaintiff claimed that defendant John W. Snow, Secretary of the Treasury, his staff, and his predecessors and their staffs, have committed, and are being allowed to commit, along with other officials of the United States government, a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, based on her national origin (Hispanic); having been born in Havana, Cuba; sex (female); age (D.O.B. October 8, 1952); and in reprisal for engaging in prior statutorily protected activity. [1-9]

In regards to the instant case,[6] it is a material fact that Defendant has never permanently promoted a Hispanic Female in the 511 series in the Treasury OIG to the Grade 15 or above. Plaintiff asserts that this material fact and Defendant's admission indisputably evidences animus

---

[6] Defendant admits that the Treasury OIG has never promoted a candidate who is both female and Hispanic in the 511 series. [Related case 05cv1194, #4, 106-109]

21

on the part of the Defendant towards Hispanic Females, and certainly with consideration to Plaintiff and her work record of high performance within the Treasury OIG for more than 20 years.

Plaintiff first joined the Treasury OIG in 1983. Plaintiff made the best qualified list for a Grade 15 position within the Treasury OIG in 1991. It is part of the record in that administrative EEO case, which is not a subject in the instant civil case, that Defendant used pretext to deny Plaintiff that merited promotion to the Grade 15 in 1991.

In addition, in 1989 Plaintiff conducted a survey at the personal request of her SES manager at the time OIG, Jay Weinstein, based on concerns employees had regarding a lack of minority representation in the Treasury OIG, that resulted in showing that Treasury OIG management had not been recruiting, retaining, or promoting minority employees. Plaintiff believes that this study also contributed to discrimination and retaliation being committed against her by Defendant and his staff.

Plaintiff asserts that it is clear that there has been a combination of discrimination and retaliation that has kept Plaintiff from merited advancement throughout her career with the Treasury OIG as evidence clearly shows.

22

## B. Retaliation Claim

Plaintiff had provided statements, i.e., assisted, fellow employees in support of their EEO matters prior to her initiating her own formal EEO processes starting in 1995. Since December 1995, Plaintiff has been forced to file nineteen formal EEO complaints and four civil actions against Defendant in pursuit of her civil right to equal employment opportunity. In addition, as stated previously, in 1989 Plaintiff conducted a study at the personal request of her SES manager at the time, Jay Weinstein, that resulted in showing that Treasury OIG management had not been recruiting, retaining, or promoting minority employees. Plaintiff believes that this study also contributed to discrimination and retaliation being committed against her by Defendant and his staff.

As stated previously, Plaintiff asserts that Defendant has never permanently promoted a Hispanic Female over the age of 40 in the 511 series in the Treasury OIG to the Grade 15 or above. Plaintiff first joined the Treasury OIG in 1983. Plaintiff made the best qualified list for a Grade 15 position within the Treasury OIG in 1991. It is part of the record in that administrative EEO case, which is not a subject in the instant civil case, that Defendant used pretext to deny Plaintiff that merited promotion.

Plaintiff asserts that it has been a combination of discrimination and retaliation that has kept Plaintiff from merited advancement throughout her over 20 year career in the Treasury OIG.

23

Plaintiff stands by her right by law to engage in protected activity, in supporting others or engaging in her own, and claims that direct evidence shows that officials of the United States government retaliate against those that do exercise their rights.

## IV. ARGUMENT

### Plaintiff's General Response

This section provides Plaintiff's general response to Defendant's several *failure to state a claim sections* above and below.

Federal Rule of Civil Procedure 8 governs the content of pleadings in all suits of a civil nature in the United States district courts. See Fed. R. Civ. P. 1,8. Rule 8(a) directs that a complaint initiating a civil action, "shall contain" a statement of jurisdiction, a demand for relief, and "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff fulfilled all of these requirements at the time of filing of her complaint. Plaintiff clearly claimed that defendant John W. Snow, Secretary of the Treasury, his staff, and his predecessors and their staffs, have committed, and are being allowed to commit, along with other officials of the United States government, a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, based on her national origin (Hispanic); having been born in Havana, Cuba; sex (female); age (D.O.B.

24

October 8, 1952); and in reprisal for engaging in prior statutorily protected activity. [1-9]

Plaintiff stated jurisdiction due to U.S. government defendant [32-33], and Plaintiff demanded

$60,000,000 in relief [485].

## A. Plaintiff's Conspiracy Claim Should Be Dismissed for Lack of Subject Matter Jurisdiction, or Alternatively, Failure to State a Claim.

Plaintiff asserts that she has provided sufficient indisputable direct evidence such that the

Court should refer certain officials of the United States government for prosecution under the

conspiracy statute. See *Plaintiff's General Response* above.

It is indisputably clear that certain officials at the Department of the Treasury and certain

officials at the EEOC have used their positions, status, and authority in a cooperative manner to

deny Plaintiff her civil right to equal employment opportunity since at least 1995, with officials

at the Department of the Treasury using their positions, status, and authority in a cooperative

manner to deny Plaintiff merited career advancement and thus her civil right to equal

employment opportunity throughout her career with the Treasury OIG. Plaintiff asserts that

evidence in this case clearly demonstrates this material fact.

## B. Plaintiff's Claims Related to the Processing and Adjudication of Her Administrative Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction or Failure to State a Claim.

See *Plaintiff's General Response* above.

25

1. **Plaintiff's Dissatisfaction with the Processing of Her Administrative Complaint Fails to State. (*sic*)**

   Plaintiff did not allege dissatisfaction with the processing of her administrative

   complaint.  See *Plaintiff's General Response* above.

2. **Plaintiff's Claims Related to Her Dissatisfaction with the EEOC Is Subject to Dismissal for Lack of Subject Matter Jurisdiction and Failure to State a Claim.**

   Plaintiff did not allege dissatisfaction with the EEOC.  See *Plaintiff's General Response*

   above.

   **C.  Plaintiff's Civil Action Should Be Dismissed in Entirety for Failure to Cooperate**

   **During the Administrative Processing of Her EEO Complaint.**

   Defendant's argument is frivolously made based on Plaintiff's earlier discussion, which

   indisputably shows by indisputable direct evidence that Defendant violated the regulations in

   regards to the processing of Plaintiff's formal administrative EEO complaint and that,

   further, with reason Plaintiff was not obligated to participate in the investigation.

D. **Allegation Related to Plaintiff's Dissatisfaction With the Electronic Process for Filing Applications is Not an Adverse Action.**

   Plaintiff did not allege dissatisfaction with the electronic process for filing applications.

E. **Plaintiff's Nonselection Allegation Fails to State a Claim.**

   See *Plaintiff's General Response* above.

26

## V. Conclusion

For the reasons stated herein, Plaintiff respectfully states that, based on indisputable evidence and the overwhelming number of misleading and false statements made by Defendant before this Court, Defendant does not merit granting of his motion. As such, Plaintiff respectfully requests that Defendant's *Motion to Dismiss or for Summary Judgment* [#6] be denied in its entirety; that Defendant provide full and complete responses to all of Plaintiff's discovery requests; that Defendant produce any and all witnesses that Plaintiff wishes to call at trial; that a trial date be set, or in the alternative that Plaintiff be awarded all damages requested.

Respectfully Submitted,

Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland  20723
(301) 490-4328

27