

# DEPARTMENT OF THE TREASURY
## WASHINGTON, D.C. 20220

OCT 29 2002

Mr. J. Steven Elbell
P.O. Box 454
Fulton, MD 20759

Dear Mr. Elbell:

This is in response to Ms. Maria V. Carmona's letter to Secretary Paul H. O'Neill, which
was received on October 21, 2002. Ms. Carmona requested assignment of an Equal
Employment Opportunity (EEO) counselor to discuss an alleged misrepresentation of
her September 13, 2002 application for the position of Director of Audit Operations,
Supervisory Auditor, GS-511-15, announced under vacancy announcement number
OA-2002-0010, at the Office of the Inspector General (OIG).

OIG now has an EEO Officer, Ms. Claudine Pannell-Goodlett, who has responsibility for
providing EEO counselors to individuals in the organization who seek counseling. A
copy of your October 18, 2002 letter has been forwarded to Ms. Pannell-Goodlett to find
an EEO counselor with whom Ms. Carmona may discuss her concerns. Because
counseling should be completed within 30-days of an employee's request for a
counselor, it is important to begin counseling as soon as possible. Ms. Pannell-Goodlett
will contact you by telephone to give the name and telephone number of the person who
will provide counseling services.

If you have questions concerning this letter, you may contact Mary McGoldrick of this
staff at (202) 622-5478.

Sincerely,

Marcia H. Coates
Director
Office of Equal Opportunity Program

cc: Claudine Pannell-Goodlett
    Bureau Equal Employment Opportunity Officer
    Office of the Inspector General
    w/copy of incoming correspondence

Plaintiff
Exhibit
3
05cv2428(JGP)



**DEPARTMENT OF THE TREASURY**
TREASURY COMPLAINT CENTER
4050 ALPHA ROAD
DALLAS, TEXAS 75244-4203

J. Steven Elbell                                                      January 30, 2003
P.O. Box 454
Fulton, MD  20759

Complaint of Maria V. Carmona and
Kenneth W. Dam, Acting Secretary of the Treasury
TD Case Number: 03-2185

Dear Mr. Elbell:

We have received the above referenced formal complaint of discrimination which was
filed on December 27, 2002.  The complaint has been assigned Treasury Department
Case Number 03-2185.  This case number will be used in all future correspondence
concerning the complaint.

The complaint is being reviewed to determine whether it meets the requirements for
processing under the provisions of Equal Opportunity Commission (EEOC) regulations,
29 CFR Part 1614.  In accordance with 29 CFR §1614.106(e), you have the right to
appeal the final action on, or dismissal of, a complaint, and the agency is required to
complete an impartial and appropriate investigation of the complaint which is accepted
for processing.

If the complaint is accepted for processing, an investigation of the complaint must be
completed within 180 days of the filing of the complaint unless the parties agree in
writing to extend the time period.  You may amend your complaint at any time prior to
the completion of the investigation to include issues or claims like or related to those
raised in this complaint.  Amendments must be filed in writing with the Treasury
Complaint Center - Dallas.  If the complaint is amended, the investigation will be
completed within the earlier of 180 days after the amendment or 360 days of the filing
of the original complaint.

You may request a hearing from an Administrative Judge at any time after 180 days
from the date of the original complaint.  If you wish to amend the complaint after you
have requested a hearing, you may file a motion with the Administrative Judge.

Plaintiff
Exhibit
4
05cv 2428(JGP)

-2-

Should you request a hearing on your complaint, your request should be sent to:

**Equal Employment Opportunity Commission**
**EEOC Field Office**
**Hearing Unit**
**1400 L Street, Suite 200**
**Washington, DC 20005**

In accordance with 29 CFR 1614.108(g), you must send a copy of your request for a hearing to the Treasury Complaint Center - Dallas.

During the counseling period, complainants are notified in writing of their rights and the time deadlines that must be met in the processing of the complaint. As the complaint is processed, you will be informed further of these rights and the deadlines for exercising them at each stage of processing.

It is the responsibility of complainants and their representatives to keep the Complaint Center informed of their current mailing addresses. You are required to provide us notice of any change of address as soon as it occurs. If you have any questions, please feel free to contact me at (972) 308-1046.

[ ] If this box is checked, you did not complete Form TD F 62-3.5 when you submitted your complaint. Please complete the enclosed form and return it within five days of receipt to this office.

[ ] If this box is checked, you did not complete the second page of Form TD F 62-3.5. All items on page two must be completed. Please be sure that you identify the specific acts, incidents or events which occurred as clearly and concisely as possible. Please complete the attached second page of the form and return it within five days of receipt to this office.

Sincerely,

*Kathleen Montgomery*

*for* Victor Reyes
EEO Specialist

cc:     Maria V. Carmona
        P.O. Box 454
        Fulton, MD 20759

EXECUTIVE SECRETARIAT

P.O. Box 454
Fulton, Maryland 20759 **2003 FEB 20  P 12: 41**
February 18, 2003

DEPARTMENT OF
THE TREASURY

John W. Snow
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC  20220

> **Complaints of Maria V. Carmona and John W. Snow, Secretary of the Treasury**
> **TD Case Numbers:  96-1069, 96-Unassigned, 96-1259, 96-1313, 97-1139, 97-1238**
> **97-1269, 98-1044, 98-1068, 98-1091, 99-1119, 01-1155,**
> **02-Unassigned(a), 02-Unassigned(b), 02-Unassigned(c),**
> **02-Unassigned(d), 03-2185[1]**

> **Hand-delivered on February 20, 2003[2]**

Dear Secretary Snow:

I am respectfully writing to you as Secretary of the Treasury in response to a letter from
Jerry Armstrong, Director of the Treasury Complaint Center-Dallas, (please refer to the
attached copy), because, as stated in previous correspondence to former Secretaries of the
Treasury, based on our experience over the past seven years of being engaged in the Equal
Employment Opportunity (EEO) administrative process, my representative and I have no trust
or confidence in the integrity of the Department of the Treasury EEO program.  Mr. Armstrong's
letter was dated February 3, 2003, and postmarked February 5, 2003.

First, I wish to note that I was recently informed that the Treasury Washington Regional
Complaint Center (WRCC), the entity that previously processed my formal EEO complaints,
is no longer accepting EEO business from the Treasury Office of Inspector General (OIG).

Although my representative and I welcome a change for reasons stated in previous
correspondence, it is indisputably clear from Mr. Armstrong's letter that it was and continues to
be the policy and practice of the Department of the Treasury management and staff to misstate,
restate, and/or provide an incomplete statement of the claims, issues, and matters that I raise in
my formal EEO complaints, a practice that your WRCC applied repeatedly in my formal EEO
processes.

---

[1] 96-Unassigned, 02-Unassigned(a), 02-Unassigned(b), 02-Unassigned(c), and 02-Unassigned(d) reflect five
formal EEO complaints that I have filed that have not been assigned TD numbers by the Department of the
Treasury.

[2] It should be noted that this letter could not be hand-delivered as planned on the date shown above, February 18,
2003, due to the fact that the Federal government was closed in the Washington, DC, area on February 18 and
because the Federal government instituted its unscheduled leave policy on February 19 due to severe weather
conditions.  In light of these conditions, the letter was hand-delivered on the first available date, i.e., February 20,
2003.  The copy to the Director of the Treasury Complaint Center-Dallas was also mailed on February 20.

Plaintiff
Exhibit
5
05cv2428 (JGP)

As brief background for your consideration, I am a Hispanic White Female Over Age 40, who is highly-educated, highly-credentialed, highly-experienced, and highly-qualified. I have over 18 years of service with the Treasury OIG and more than 26 years of Federal service. Despite my qualifications and experience, to include making the best qualified list for Inspector General at another Federal agency in 1993, I have not been permanently promoted beyond the Grade 14 within the Treasury OIG.

In light of my ongoing concerns in these regards, since December 1995 I have filed seventeen formal EEO complaints against the Secretary of the Treasury. It should be noted that Michael Morgan-Gaide, former Director of the Treasury WRCC, notified me in writing that I should initiate a new EEO process regarding any matters that were not a part of a previous complaint. In each of my seventeen formal EEO complaints, I have placed on the administrative record an overwhelming preponderance of clear and indisputable material factual evidence of a pattern of separate and distinct adverse actions taken against me throughout my over 18-year career with Treasury that clearly and indisputably demonstrate a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment committed against me.

I believe in good faith that it is reasonable, based on the overwhelming preponderance of highly-specific, relevant, and pertinent information and documentation that I have placed into evidence in each of my seventeen formal EEO complaints, that a fair and impartial party would clearly and indisputably find that Department of the Treasury management and staff have committed, and are being allowed to commit, a long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment against me based on my Hispanic National Origin, sex, age, and in retaliation for my participation in the EEO process.

In direct and timely response to Mr. Armstrong's letter, with reference to his statement of the claim(s) and his statement that I should respond within fifteen days of the date of his letter if I do not agree with his statement, I wish to state that I do not agree. As a few examples:

1. I identified the triggering event for the filing of my seventeenth formal EEO complaint as the misrepresentation of my September 13, 2002, proper and timely filed application under Vacancy Announcement OA-2002-0010 for the position of Director of Audit Operations, Supervisory Auditor, GS-511-15.

2. I clearly stated in my EEO counselor request of October 18, 2002, and in the filing of my formal EEO complaint on December 27, 2002, that these latest actions constitute a continuation of the long-term pattern of discrimination, retaliation, disparate treatment, and a hostile/harassing work environment committed against me by the Department of the Treasury, and that these latest actions also constitute a continuation of a pattern and practice of manipulation of and violation of the merit system principles in order to continue to deny me merited promotions within the Department of the Treasury.

   Response: I see no mention in Mr. Armstrong's letter of my clearly stated claims as referred to above.

3. In his letter, Mr. Armstrong includes a statement that the subject vacancy announcement was cancelled as a *claim(s)...accepted for processing*.

> Response:  To date, I have not been notified that the subject vacancy announcement has been cancelled, and I do not believe that I made this action a part of the claims in my formal EEO complaint.  It is my clear understanding that the subject vacancy announcement is still under process.
>
> With reference to his letter dated February 3, 2003, then, I respectfully request that Mr. Armstrong identify that portion of my formal EEO complaint where I specifically mention that the subject vacancy announcement was cancelled and that I am making this action a part of my instant claims.

It is clear that in this, my latest, and the seventeenth, formal EEO process that I have been forced to initiate against the Secretary of the Treasury, Mr. Armstrong, Director of Treasury's Complaint Center-Dallas, is simply continuing former WRCC Director Morgan-Gaide's long-term pattern and practice of misstating, restating, and/or providing an incomplete statement of the claims, issues, and matters that I raise in my formal EEO complaints.

The long-term pattern and practice that I have experienced in this regard has been that officials of the Department of the Treasury misstate the claims, issues, and matters that I have clearly raised and clearly stated in my formal EEO complaints; I express my disagreement, in writing, to Treasury; Treasury ignores my disagreement with the issues as stated and proceeds, in a very intimidating and hostile manner, to attempt to compel and coerce me into responding to Treasury's preferred statement of the issues.  And, when I attempt to protect my rights in this regard by referring to the regulations and previous Commission decisions, Treasury dismisses my complaints for procedural reasons while conducting no proper and timely investigation.  This pattern of discriminatory and retaliatory abuses of authority and discretion has been repeated throughout my administrative EEO processes.

I further believe in good faith that Department of the Treasury management and staff have conspired and are conspiring to deny me my right to equal employment opportunity based on my Hispanic National Origin, sex, age, and in retaliation for my involvement in the administrative and legal EEO processes.

I also believe in good faith that Department of the Treasury management and staff have conspired and are conspiring to deny me my legal right to pursue my claims in a non-hostile, non-discriminatory, and non-retaliatory environment.

Based on these latest actions by Department of the Treasury management and staff, I, therefore, respectfully wish to also include Mr. Armstrong and his staff at the Treasury Complaint Center-Dallas as alleged discriminating officials, as I have previously done with management and staff at the WRCC.

It is clear that nothing has changed regarding the fair and equitable processing of my EEO concerns by the management and staff of the Treasury complaint centers, be it the WRCC or the Treasury Complaint Center-Dallas.

It is clear by the actions taken by management and staff at these two Treasury complaint centers that it has been and continues to be the clear policy and practice of the Department of the Treasury to misstate, restate, and/or provide an incomplete statement of the claims, issues, and matters that I raise in my formal EEO complaints.

If you have any questions, please contact my representative, J. Steven Elbell, at the above address.

Sincerely,

Maria V. Carmona
Complainant

J. Steven Elbell
Representative

cc: Jerry Armstrong, Director
    Treasury Complaint Center-Dallas



**DEPARTMENT OF THE TREASURY**
TREASURY COMPLAINT CENTER
4050 ALPHA ROAD
DALLAS, TEXAS 75244-4203

J. Steven Elbell                                FEB 0 3 2003
PO Box 454
Fulton, MD 20759-0454

                    Complaint of Maria V. Carmona and
                    John W. Snow, Secretary of the Treasury
                    TD Case Number: 03-2185

Dear Ms. Carmona:

This letter refers to the above referenced complaint of discrimination filed on December 27, 2002.

Based on our review of the formal complaint and the EEO Counseling Report, the complaint is accepted for processing under the provisions of the Equal Employment Opportunity Commission (EEOC) regulations, 29 CFR Part 1614. The following claim(s) has been accepted for processing:

> Was the Complainant discriminated based on sex (Female), national origin (Hispanic), age (DOB: 10/08/52) and retaliation for her EEO activity, when on September 13, 2002, her application for Vacancy Announcement OA-2002-0010 for the position of Director of Audit Operations, Supervisory Auditor, GS-511-15, was mishandled; and subsequently, the vacancy announcement was cancelled?

If you disagree with the claim(s), please notify me in writing within 15 days of the date of this letter. Please be clear and concise in your response. If no response is received, I will assume that you agree with the claim(s) and will proceed with the investigation of the complaint.

An EEO Investigator will be assigned to thoroughly investigate all aspects of the claim(s) accepted for processing. The investigator has the authority to administer oaths and to require employees to furnish affidavits under oath or affirmation without a promise of confidentiality or, alternatively, by written statements under penalty of perjury. The complainant has a responsibility to cooperate with the investigator in timely scheduling an appointment, meeting with the investigator and providing necessary written statements. Failure to do so may result in the dismissal of the complaint for failure to cooperate.

Any affidavit, written statement, or documentary evidence submitted to the investigator is subject to prohibitions against improper disclosures. All parties who provide statements or documentary evidence bear the responsibility to ensure that the submissions are properly sanitized, and should consult with bureau disclosure officials if there are any questions concerning what material would constitute disclosure.

2

In accordance with §1614.603 of the regulations, the parties must make reasonable efforts to voluntarily settle the complaint throughout the process. The terms of any settlement agreement will be reduced to writing, and you will be given a copy.

Upon completion of the investigation, you will be furnished a copy of the Investigative File and an election form on which you may elect one of the following options: (1) a hearing and decision by an EEOC Administrative Judge; (2) a final decision by the Department of the Treasury without a hearing; or (3) withdrawal of the complaint.

You may also request a hearing from an Administrative Judge at any time after 180 days from the date of the original complaint. If you wish to amend the complaint after you have requested a hearing, you may file a motion with the Administrative Judge.

Should you request a hearing on your complaint, your request should be sent to:

**District Director**
**Equal Employment Opportunity Commission**
**EEOC Field Office**
**Hearing Unit**
**1400 L Street, Suite 200**
**Washington, DC  20005**

In accordance with 29 CFR §1614.108(g), you must send a copy of your request for a hearing to the Treasury Complaint Center - Dallas.

You will have the right to appeal to the EEOC, Office of Federal Operations, the Department's final decision or final order, or file a civil action in federal district court.

If you have any further questions regarding the processing of your complaint, please contact EEO Specialist Victor M. Reyes at (972) 308-1046.

Sincerely,

Jerry Armstrong
Director

cc:     Maria V. Carmona
        PO Box 454
        Fulton, MD  20759-0454

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

DALLAS TX 75244 OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.60 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.65 |

MARTIN LUTHER KING STATION
WASHINGTON DC 20043
FEB 20 2003
02/20/2003
Postmark Here

7000 1670 0010 4900 9350

Sent To JERRY ARMSTRONG DIRECTOR, COMPLAINT CENTER / TREASURY
Street, Apt. No.; or PO Box No. 4050 ALPHA ROAD
City, State, ZIP+4 DALLAS, TEXAS 75244-4203

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)    B. Date of Delivery FEB 27 2003<br>C. Signature<br>X ☐ Agent  ☐ Addressee |
| 1. Article Addressed to:<br><br>JERRY ARMSTRONG<br>DIRECTOR<br>TREASURY COMPLAINT CENTER<br>4050 ALPHA ROAD<br>DALLAS, TEXAS 75244-4203 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Copy from service label)<br>7000 1670 0010 4900 9350 | |
| PS Form 3811, July 1999    Domestic Return Receipt | 102595-99-M-1789 |

**Plaintiff Exhibit**

**6**

05cv2428(JGP)



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

MAR 3 2003

Mr. J. Steven Elbell
P.O. Box 454
Fulton, MD 20759-0454

Dear Mr. Elbell:

This is in response to your letter of February 18, 2003, on behalf of
Ms. Maria V. Carmona, addressed to Secretary John W. Snow. Ms. Carmona
stated that she did not agree with the statement of her claims articulated by the
Dallas Treasury Complaint Center (TCC) in its letter dated February 3, 2003.

A review of the Dallas TCC letter shows that you were asked to respond to that
office within fifteen (15) days if you disagreed with the statement of your claim(s).
There is no indication that you or Ms. Carmona notified the Dallas TCC that
Ms. Carmona disagreed with the statement of her claim(s). Therefore, we are
forwarding your letter to the Dallas TCC for appropriate action.

On page 3 of your letter, you indicate that Mr. Armstrong and his staff are to be
added to your complaint as discriminating officials because of your dissatisfaction
with the way Ms. Carmona's complaint was being processed. Complaints about
the processing of EEO complaints are to be dismissed in accordance with
MD-110 (Chapter 5, Subchapter IIIF). Such complaints should be referred to
this office and/or processed as part of the original complaint.

Accordingly, we reviewed your letter and have determined that the Dallas TCC
acted properly with regard to the acceptance of your complaint. You were given
an opportunity to discuss the framing of the issue with the Center and chose not
to do so. This letter, along with your letter of February 18, 2003, will be made
part of your complaint file.

If you have further questions concerning this matter, please feel free to contact
Ms. Mary McGoldrick at (202) 622-5478.

Sincerely,

Marcia H. Coates
Director
Office of Equal Opportunity Program

cc: Jerry Armstrong, Director
    Dallas Treasury Complaint Center

Plaintiff
Exhibit
7
05cv2428(JGP)



**DEPARTMENT OF THE TREASURY**
TREASURY COMPLAINT CENTER
4050 ALPHA ROAD
DALLAS, TEXAS 75244-4203

MAR   7 2003

J. Steven Elbell
PO Box 454
Fulton, MD 20759

Complaint of Maria V. Carmona and
Thomas J. Ridge, Secretary of Homeland Security
TD Case Number: 03-2185

Dear Mr. Elbell:

This is in response to Ms. Carmona's letter dated February 20, 2003, regarding her disagreement with our acceptance letter dated February 3, 2003. I have reviewed the Complainant's formal complaint, the administrative file and correspondence. At this time, the agency's decision remains unchanged regarding our accepted issues for investigation.

A copy of this letter, and any supporting documentation, will be placed in the complaint file. This decision is reviewable by an Administrative Judge if a hearing is requested on the formal complaint. If you request a final decision from the agency without a hearing, the agency will issue a decision addressing all claims in the complaint.

Sincerely,

Jerry Armstrong
Director

cc:   Maria V. Carmona
      PO Box 454
      Fulton, MD  20759-0454

Plaintiff
Exhibit
8
05cv2428(JGP)

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**1400 L Street, N.W.**
**Suite 200**
**Washington, D.C. 20005**

### FACSIMILE COVER PAGE

TO:        **Richard Delmar**
           **Chief Counsel**
           **Office of the Inspector General**
           **FAX 202-927-6492**

FROM:      Supervisory Administrative Judge Steve Shih
           U.S. Equal Employment Opportunity Commission
           Telephone:  (202) 275-6633

DATE:      March 22, 2004

SUBJECT:   Acknowledgment and order in EEOC Case No. 100-2004-00180X

PAGES:     8 (including cover page)

Plaintiff
Exhibit
9
05 cv 2428 (JGP)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

|  |  |  |
|---|---|---|
| Maria V. Carmona, | ) | |
| | ) | |
| Complainant, | ) | EEOC No. 100-2004-00180X |
| | ) | |
| v. | ) | |
| | ) | |
| Department of Treasury, | ) | Agency No. 03-2185 |
| | ) | |
| Agency. | ) | Date: March 22, 2004 |
| | ) | |

## ACKNOWLEDGMENT AND ORDER

This acknowledges receipt of the complainant's request for a hearing. 29 C.F.R. § 1614.109 and Chapter 7 of EEOC Management Directive 110, November 9, 1999 (EEO MD-110) govern the conduct of hearings. The regulations and EEO MD-110 are available on the Commission's website at www.eeoc.gov.

The Administrative Judge whose name appears below has been assigned to preside over this complaint. Failure to follow the orders of the Administrative Judge or to comply with the Commission's regulations may result in sanctions. *See* 29 C.F.R. § 1614.109(f)(3). When a conflict between the parties arises, the parties should attempt to resolve the conflict themselves before bringing it to the attention of the Administrative Judge.

## I.    CORRESPONDENCE AND MOTIONS

Each party must provide the opposing party with a copy of all correspondence that he/she sends to the Administrative Judge. The attachment of a certificate of service may demonstrate that the opposing party was provided a copy. Failure to provide a copy of submissions to the opposing party may result in return of such submissions without consideration. The parties are reminded of their ongoing obligation to keep this office informed of their current mailing address. Other than to clarify a procedural issue or during alternative dispute resolution, it is inappropriate for the parties to engage in *ex parte* (one-sided) communication with the Administrative Judge.

Extensions of filing dates and postponements will not be granted, absent a prompt request in writing and a showing of good cause. Failure by complainant to obtain representation, or failure by the agency to assign this matter to a representative, will not be grounds for postponement.

On any request or motion, the requesting party shall state that he/she has made a good faith

effort to resolve the matter with the non-moving party and, where appropriate, indicate whether the opposing party has an objection to the request or motion. All motions should be accompanied by a proposed order granting the relief requested in the motion.

## II.    DESIGNATION OF REPRESENTATIVE

The parties are entitled to be represented. However, the complainant is not required to be represented. The EEOC does not provide representatives for either party. Even if the complainant has previously designated a representative for EEO counseling and agency investigation of the complaint, he/she must renew that designation for the purpose of EEOC processing of this complaint. The parties must inform this office of the name, address and telephone number of his/her respective representative. If that representative changes, or if a currently unrepresented complainant obtains representation in the future, the party shall notify the Administrative Judge and the other party immediately.

## III.    PARTIAL DISMISSALS

The parties have thirty (30) calendar days from receipt of this Order to identify any claims the agency has dismissed from the complaint during the agency investigative process, pursuant to 29 C.F.R. § 1614.107(a), and to comment on the appropriateness of each dismissal. Once the opportunity for identification and comment has passed, the Administrative Judge will determine, pursuant to 29 C.F.R. § 1614.107(b), the appropriateness of the agency's decision to dismiss each claim. If the complainant fails to oppose in writing the dismissal of a claim within the thirty (30) day comment period, the opportunity to have the dismissal reviewed by the Administrative Judge shall be deemed waived.

## IV.    SETTLEMENT

Within thirty (30) calendar days of receipt of this Order, the parties are directed to contact each other to define the claim(s) presented, to develop stipulations (*i.e.*, agreements between the parties that certain facts are true for purposes of adjudicating this complaint) and to discuss settlement. The parties must discuss specific settlement proposals. The agency must designate an individual with settlement authority to attend settlement discussions convened by an Administrative Judge.

## V.    DISCOVERY

The parties are hereby notified of their right to seek discovery prior to the hearing in accordance with 29 C.F.R. § 1614.109(d). The parties must cooperate with each other in honoring discovery requests. The parties are expected to initiate and complete needed discovery with a minimum of intervention by the Administrative Judge. **Except as indicated below, copies of interrogatories, requests for production of documents, requests for admissions, deposition notices and transcripts, and responses to such should not be sent to the Administrative Judge.**

2

A.    Discovery shall be completed within **70 calendar days** from the date of receipt of this Order unless otherwise directed by the Administrative Judge. If the parties agree between themselves to extend discovery deadlines that would, in turn, extend the deadline for completion of all discovery, the parties must seek the Administrative Judge's prior approval.

B.    The method and scope of discovery shall be subject to the following:

1.    Interrogatories shall be limited to one set. The set of interrogatories shall contain no more than thirty (30) questions including subparts.

2.    Requests for production of documents must be specific and identify the documents or types of documents requested. Requests for production of documents shall contain no more than thirty (30) requests including subparts.

3.    Requests for admissions shall not exceed thirty (30) in number including subparts. This limit does not apply to admissions relating to the authenticity of documents.

4.    The agency must make employees available for deposition. In addition, the agency must arrange for the appearance at deposition of former employees currently employed by the federal government.

Absent prior approval from the Administrative Judge, a party must initiate discovery within twenty (20) calendar days of receipt of this Order. If a party does not submit a timely discovery request, the Administrative Judge may determine that the party has waived the right to pursue discovery.

A party must respond to a request for discovery within fifteen (15) calendar days from receipt of the request. Requests for discovery and objections to such requests must be specific. A notice of deposition does not require a written response; however, any objection to a notice of deposition must be served promptly on the moving party. A deposition may be noticed and taken at any time during the discovery period.

Discovery motions, including motions to compel, must be filed within ten (10) calendar days after receipt of a deficient response or after the response to the discovery is due, whichever occurs first. Motions to compel and other discovery motions must be accompanied by the discovery requests and responses and a declaration stating that the moving party has made a good faith effort to resolve the discovery dispute. The declaration shall indicate the efforts made to resolve the dispute and identify which items remain in dispute. Statements in opposition to discovery motions must be filed within ten (10) calendar days of receipt of the motion. Rulings will be made based upon the written submissions. The failure to timely file objections to discovery may result in the objections being deemed waived.

## VI.    SANCTIONS FOR FAILURE TO FOLLOW ORDERS

Failure to follow this Order or other orders of the Administrative Judge may result in sanctions pursuant to 29 C.F.R. § 1614.109(f)(3).   The Administrative Judge may, where appropriate:

    (A)    Draw an adverse inference that the requested information, or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

    (B)    Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

    (C)    Exclude other evidence offered by the party failing to produce the requested information or witness;

    (D)    Issue a decision fully or partially in favor of the opposing party; or

    (E)    Take such other actions as appropriate.

## VII.   DECISION WITHOUT A HEARING

Pursuant to 29 C.F.R. § 1614.109(g)(1), a party may file a motion for summary judgment if that party believes that some or all material facts are not in genuine dispute and there is no genuine issue as to credibility.   **A motion for summary judgment must include a statement of the undisputed material facts.**   Unless otherwise ordered by the Administrative Judge, a motion for summary judgment must be filed not later than fifteen (15) days after the close of discovery; the opposing party will then have fifteen (15) days from receipt of the motion in which to file a response; and the moving party will then have five (5) days from receipt of the response to file a reply. Motions for summary judgment, and responses to such motions, shall contain specific citations to referenced evidence (*e.g.*, cite the specific pages of the report of investigation, or other submitted evidence, in support of an argument).

The Administrative Judge may also issue summary judgment on his/her own initiative, pursuant to 29 C.F.R. § 1614.109(g)(3).

An Administrative Judge may also dismiss a complaint pursuant to 29 C.F.R. § 1614.109(b) for any of the reasons set forth in 29 C.F.R. § 1614.107(a).   The Administrative Judge may dismiss complaints on his/her own initiative, or upon the Agency's motion to dismiss a complaint.

4

## VIII.   AMENDMENT AND CONSOLIDATION OF COMPLAINTS

Pursuant to 29 C.F.R. § 1614.106(d), the complainant may move to amend his/her complaint to add claims that are like or related to the original complaint. In order to amend the complaint, the complainant shall submit a motion as early as possible to the Administrative Judge stating the new claim, the date(s) when it occurred, and why it is like or related to the original complaint. The Administrative Judge may amend the original complaint to include the new claim(s) if he/she finds the new claim is like or related to the original complaint. Motions to amend filed late in the process may be denied.

The Administrative Judge also has discretion to consolidate complaints pursuant to 29 C.F.R. § 1614.606. The parties shall advise the Administrative Judge in writing of any other complaint(s) pending at any stage of processing and should include all case number(s) or other information identifying such complaint(s).

It is so ORDERED.

For the Commission:

_for_ _[signature]_

KATHRYN BROWN
Administrative Judge
Tel. 202-275-~~7377~~ 0066
Fax 202-275-~~0025~~ 0076

5

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing ACKNOWLEDGMENT AND ORDER either within five (5) calendar days after the date it was sent *via* first class mail, or immediately upon confirmation of e-mail or fax delivery. I certify that on the date of this order, the foregoing ACKNOWLEDGMENT AND ORDER was sent to the following:

<u>By fax to:</u>

Richard Delmar
Chief Counsel
Office of the Inspector General
FAX 202-927-6492

<u>By first class mail, postage pre-paid to:</u>

Maria V. Carmona
P.O. Box 454
Fulton, MD 20759

*Chia-chi Chang*
**Chia-Chi Chang**
**Legal Clerk**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

|  |  |  |
|---|---|---|
| Maria V. Carmona, | ) | |
| | ) | |
| Complainant, | ) | EEOC No. 100-2004-00180X |
| | ) | |
| v. | ) | |
| | ) | |
| Department of Treasury, | ) | Agency No. 03-2185 |
| | ) | |
| Agency. | ) | AJ: KB |
| | ) | |

## DESIGNATION OF REPRESENTATIVE

<u>OPTION A:</u>    ELECTION TO PROCEED WITH A REPRESENTATIVE

I hereby designate the following individual as the representative for the ___ COMPLAINANT or ___ AGENCY in the above-referenced EEOC case:

_____

Name of Representative        Telephone No.        Facsimile No.

Address:    _____

_____

<u>E-mail Address:</u> _____

<u>OPTION B:</u>    ELECTION TO PROCEED WITHOUT A REPRESENTATIVE

I, _____, will proceed without a representative in the above-referenced EEOC case.  I understand that I must notify the Administrative Judge and the agency immediately if I obtain representation at a later date.

_____        _____

Signature of Party                                              Date

Complainant, please also provide your current address, telephone number, fax number, and E-mail address:

_____

_____

<u>E-mail Address:</u> _____

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT**

was sent first class mail

this 20th day of June 2006 to:

Beverly M. Russell
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E-4915
Washington, D.C.  20530
(202) 307-0492

J. Steven Elbell
8306 Haven Hill Court
Laurel, Maryland  20723
(301) 490-4328